PeaRSon, J.
 

 The value of the rosin must be a dead loss to one of the parties ; and the question is, upon which of the two shall the loss fall? It must fall upon the defendant, although there was no default on his part, because it was in his possession when it was burnt, under the rule “ a loss by the act of God falls upon the owner,” unless the plaintiff had, by a breach of the. contract on his part, taken the risk upon himself.
 

 If the plaintiff was bound by the terms of the contract to take away the rosin, at some time during the “next week,” and violated the contract by not doing so, it was his fault that the rosin was left exposed to the fire
 
 ;
 
 and he is not at liberty to put the loss on the defendant by force of the maxim, “ no one shall take advantage of his own wrong.” So the question turns upon the construction of the contract. Was it the duty of the plaintiff, according to the contract, to take away the rosin at some time during the “next week?” Was that a part of the bargain? Such is the import of the words made use of by the parties, and there is nothing growing out of the nature of the thing to call for a departure from the words. On the contrary, all collateral considerations which the Court is at liberty to notice, tend to support that construction. The plaintiff paid the price down. This indicates an intention to take the article which he had paid for, as •soon as he could get it. Rosin 'is of a highly inflammable nature,
 
 *255
 
 and no distiller will suffer it to accumulate on his premises longer than he can help it. This affords an inference that, although the defendant not having the article then on hand, would not bind himself to deliver it until the “next week,” still he required the plaintiff to take it away at some time during that week. If it was not to be taken away during the next week, how long did the defendant agree to keep it for the plaintiff? For an indefinite time ? for one year, or how long ? It is said for a reasonable time. It is difficult to say what would be a reasonablé time, considering how much it would encumber the yard of the distillery, and add to the danger of fire. But the parlies have not left this to conjecture
 
 ■,
 
 they have fixed on
 
 sometime during the next toeek.
 

 The plaintiff violated his contract in not calling for it in that time, and it was left there at his risk. Had it not been burnt, he could have got it at any time ; but he certainly would have been liable to pay the defendant storage for keeping it. »
 

 It was said by Mr. Donnell, “ that time is not of the essence of a contract.” That is a maxim of a Court of Equity in regard to the payment of money ; but it does not extend to other things even in that event, and no Court can hold, that the time for the delivery of a large quantity of rosin or, of gunpowder at the factory is not, from the nature of things, a very material part of the contract.
 

 It is also said, the rosin was never set apart and identified as the property of the plaintiff. What right or under what obligation was the defendant to set apart the rosin before the plaintiff called for it? Who was to pay for the trouble of moving it? What good would it have done to set it apart, in the absence of the plaintiff, who of course would not be bound by it? Our decision is put on the ground, not that the rosin had become the property of the plaintiff, but by a violation of his contract in not calling for it, it remained there at his risk.
 

 Our attention was called to
 
 Waldo
 
 v. Belcher, 11 Ire. 609, and it is said there, stress is laid on the fact that the com was not measured and set apart, and consequently did not become the property of the defendant. So its destruction was the loss of the plaintiff. In that case, the question was whether the com had been the property of the defendant
 
 at the date
 
 of the contract,
 
 *256
 
 and it was held it had not, because it was not measured up and set apart so as to be then capable of being delivered. But there is no intimation that it would have made any difference if, after the date of the contract, the plaintiff had, in the absence of the defendant, gone through the idle ceremony of measuring up the requisite number of bushels, and made proclamation that he
 
 set it apart
 
 for the defendant.
 

 In that case tire corn'was burnt before it was the duty of the defendant, according to the contract, to take it away. Here the rosin was burnt after the plaintiff was in default in not taking it away, and while by reason of such default it was left there at his risk: the distinction is obvious.
 

 Having decided that the plaintiff cannot recover upon the count on the special contract, by reason of the breach of the contract on his part, it follows as a matter of course that he cannot recover on the common count for money had and received to his use. The proposition is self-evident, that where there is a special contract, one of the parties cannot fall back on the common counts, while the contract remains open and is not put an end to, either by mutual consent, or by such a breach or default on the side of the other party, as will give to the former a right to treat the contract as a nullity. This proposition is so fully sustained by its good sense that no authority need be cited to support it. The ■ idea that the plaintiff, who by reason of a breach of the contract on his part, cannot recover upon it, is, for that reason, at liberty to treat it as a nullity and fall back on the common count, cannot be entertained for a moment.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo.